# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ALEXANDRA DEAN, | ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:23-cv-01280-SEP |
| MARY R. RUSSELL, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Alexandra Dean's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [2]. After reviewing the Application and financial information submitted in support, the motion is granted. *See* 28 U.S.C. § 1915(a)(1). But for the reasons set forth below, the case is dismissed without prejudice.

### FACTS AND BACKGROUND

Plaintiff is suing the Honorable Mary R. Russell, Chief Justice of the Missouri Supreme Court. The Complaint consists of a Court-provided form, Doc. [1], and a longer typed document, Doc. [1-1]. Plaintiff invokes the Court's federal question jurisdiction and brings claims under 42 U.S.C. § 1983 and *Monell v. New York Department of Social Services*, 436 U.S. 658 (1978).

Plaintiff identifies herself as a "fit" parent who is "subject to a St. Louis County court order dated June 20, 2023, which grants me no 'actual parenting time.'" Doc. [1-1] at 2. She identifies Chief Justice Russell as the "Council Chair" for the "Judicial Council of Missouri." *Id.* Plaintiff states that the Judicial Council of Missouri "serves as the policymaking body for Missouri courts." *Id.* Plaintiff specifies that she is suing Chief Justice Russell "in her official capacity as the *Council Chair for the Judicial Council of Missouri*." *Id.*

Other than stating that the "Judicial Council of Missouri" is a policymaking body for Missouri courts, Plaintiff does not provide information to establish its existence. The Court's independent inquiry revealed no record of an entity in Missouri called "Judicial Council of Missouri." The Missouri Courts' website identifies boards, commissions, and committees tasked with advising "the Supreme Court and others in carrying out the Court's administrative

responsibilities," but none is called "Judicial Council of Missouri." *See Boards and Commissions*, Missouri Courts, https://perma.cc/C2KT-DT39 (last visited May 29, 2024).

Plaintiff's allegations are generalized and repetitive, but her claims are discernible. Plaintiff claims the state court entered a child custody order that denies her "actual parenting time," without first deeming her an unfit parent. Doc. [1-1] at 3. Plaintiff's statement that she is deprived of "actual parenting time" appears to refer, at least in part, to the fact that her visits with her children are supervised,[1] and that the state exercises some form of control over the time she spends with her children. Plaintiff writes:

> The fundamental premise of my argument is that genuine "actual parenting time" can only be achieved when parents have the authentic ability to (a) provide care, custody, and control of their minor offspring, and (b) engage in private speech with them. However, in this specific case, the State unjustly denied me these fundamental rights, even though there has been no determination of my 'unfitness.' Notably, there have been no findings of (i) abuse, (ii) neglect, (iii) abandonment, or (iv) endangerment against me.

*Id*. Plaintiff repeatedly asserts that custody orders that deny "actual parenting time" to fit parents violate the First and Fourteenth Amendments and United States Supreme Court precedent. She alleges that "the defendants" have failed to train Missouri state court judges "regarding the legal principle that, when parents are determined to be 'fit,' courts should not issue physical custody orders that completely deprive them of 'actual parenting time.'" *Id.* at 5-6.

At one point in the Complaint, Plaintiff refers to herself as "Angela Freiner," writing:

> I, Angela Freiner, am the Claimant in this case, and I hereby verify the accuracy of the claims presented. I confirm that all the facts mentioned in the complaint are true and correct to the best of my personal knowledge. For matters based on information and belief, I reasonably believe them to be true.

*Id.* at 15. Plaintiff does not identify the name "Angela Freiner" as an alias or explain why she referred to herself by that name.[2]

---

[1] Plaintiff refers to her child or children as "offspring," and does not state how many children she has.

[2] Review of the Courts' records shows that a person named Angela Freiner previously instituted cases in this Court, including *Freiner v. Russell*, No. 4:23-cv-1279-SRC (E.D. Mo. Dec. 18, 2023). Proceeding pro se and *in forma pauperis*, Freiner asserted the same or substantially similar claims against Chief Justice Russell, using pleadings that mirror those Plaintiff filed in this case. On December 18, 2023, the Honorable Stephen R. Clark dismissed the case for lack of subject matter jurisdiction and determined that Freiner's allegations failed to state a claim upon which relief may be granted. The Court takes judicial notice of that prior litigation. *See United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981) (a district court can take judicial notice of its own records).

2

As relief, Plaintiff seeks monetary damages "for each day that both my offspring and I were unjustly deprived of our fundamental rights." *Id.* at 2, 7.  Plaintiff also seeks "injunctive relief from this court to rectify the ongoing violations of constitutional rights and prevent future harm to myself and other similarly situated parents and offspring." *Id.* at 10.  The injunction Plaintiff seeks would require "the defendants," apparently acting through the "Judicial Council of Missouri," to train Missouri judges about "the fundamental nature of parental rights," and prohibit them from issuing child custody orders that deny a parent actual parenting time unless that parent is deemed unfit.  *Id.* at 14.

## LEGAL STANDARD

The Court is required to review a complaint filed *in forma pauperis* and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  That standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.  The Court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. at 678 (citing *Twombly*, 550 U.S. at 555).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  This means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  But even pro se complaints must

3

allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor must they interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## DISCUSSION

The Complaint clearly states that Plaintiff is suing Chief Justice Russell in her official capacity. *See* Doc. [1-1] ¶ 1. "A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent." *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006). The entity for which Plaintiff claims Chief Justice Russell was acting is "Council Chair for the Judicial Council of Missouri." Doc. [1-1] ¶ 1. As set forth above, Plaintiff did not plead facts on the basis of which the Court could find that such an entity exists. Her claim therefore fails from the outset.

If the Judicial Council of Missouri does exist, or if Plaintiff has simply misnamed the government entity, the Complaint still fails to state a § 1983 claim. A government entity can only be liable under *Monell* "for a constitutional violation resulting from (1) an official municipal policy, (2) an unofficial custom, or (3) failure to train or supervise." *Robbins v. City of Des Moines*, 984 F.3d 673, 681-82 (8th Cir. 2021). Plaintiff claims that Chief Justice Russell, through the Judicial Counsel of Missouri, has "uph[e]ld a policy of neglecting to train judges about the fundamental nature of parenting as a constitutional right," and that Missouri courts' violations of parenting rights "have become so widespread, routine, and ingrained that they effectively constitute *de facto* judicial policy throughout the state." Doc. [1-1] ¶ 15.

"Local governing bodies" can be sued under § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690. Plaintiff does not identify any official action by Chief Justice Russell or an existing government entity that sets a policy of violating parents' constitutional rights. Therefore, Plaintiff has not stated a claim for the first type of *Monell* claim.

To the extent the Complaint alleges a custom or failure-to-train claim, it also fails. Plaintiff's allegations of widespread constitutional violations are conclusory. She does not allege *facts* that would allow the Court to find a "continuing, widespread, persistent pattern" of similar constitutional violations or "deliberate indifference to or tacit authorization of such conduct by

4

the governmental entity's policymaking officials after notice to the officials of that misconduct." *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014) (citing *Johnson v. Douglas Cnty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013)).  Plaintiff does allege "widespread, routine, and ingrained" violations of parenting rights, but that conclusory recital of one element of a *Monell* claim is insufficient to "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.

Plaintiff has failed to state a claim upon which relief can be granted.  The Complaint is therefore dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's Motion for Default Judgment, Doc. [11], is also denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment, Doc. [11], is **DENIED.**

**IT IS FINALLY ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 31st day of May, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE